UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAJUAN BENSON, No. 122731,

                         Plaintiff,                    Case No. 2:19-cv-11135
                                                          Hon. Sean F. Cox

v.

BRIAN L. MACKIE, *ET. AL.*,

                         Defendants.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING CASE

Plaintiff DaJuan Benson, a pretrial detainee housed at the Washtenaw County Jail in Ann Arbor, Michigan, recently filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Dkt. 1. The defendant, Brian L. Mackie, is the Washtenaw County Prosecutor. Plaintiff also includes unnamed Assistant Prosecuting Attorneys for Washtenaw County as John Doe defendants. In his complaint, plaintiff alleges that the defendants violated his Fourteenth Amendment rights by failing to comply with state court rules related to the presentation of lab report evidence. Plaintiff seeks relief "at the Court's discretion." Id. at 8.

### I. Legal Standard

Under the Prison Litigation Reform Act of 1996, a federal district court must screen and dismiss an indigent prisoner's complaint if the allegations are frivolous, malicious, fail to state a claim for which relief can be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c)(1); *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010). "A case is frivolous if it lacks an arguable basis either in law or in fact." *Beach v. Ohio*, 79 F. App'x 754, 756 (6th Cir. 2003) (citing *Neitzke v. Williams*, 490

U.S. 319, 325 (1989)). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A *pro se* complaint is entitled to a liberal construction and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## II. Discussion

Plaintiff asserts that the Washtenaw County Prosecutor and his Assistants are violating his Fourteenth Amendment rights by violating state court rules related to the presentation and use of laboratory technician reports in his state criminal proceeding. For the reasons stated below, the claim cannot go forward.

First, as public prosecutors the defendants are entitled to absolute immunity for their actions in prosecuting a criminal action against plaintiff. Absolute immunity protects from suits brought under § 1983. *Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010); *Grant v. Hollenbach*, 870 F.2d 1135, 1136 n.1 (6th Cir. 1989). The Supreme Court embraces a functional

approach to determining whether a prosecutor is entitled to absolute immunity. *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Burns v. Reed*, 500 U.S. 478, 486 (1991). Under a functional analysis, a prosecutor is absolutely immune when performing the traditional functions of an advocate. *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003). For instance, a prosecutor is absolutely immune for the initiation and pursuit of a criminal prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Lomaz v. Hennosy*, 151 F.3d 493, 497 (6th Cir. 1998). In contrast, a prosecutor is not entitled to immunity for investigatory or administrative functions that are normally performed by a detective or police officer. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 276-78 (1993). Here, plaintiff alleges only that defendants violated court rules related to the use of lab reports at his criminal proceeding. They are entitled to absolute immunity for that conduct, even if it violated state evidentiary law. *See Koubriti*, 593 F.3d at 467 (noting that prosecutorial immunity "'extend[s] to the knowing use of false testimony before the grand jury and at trial.'" (quoting *Burns*, 500 U.S. at 484)). Plaintiff has not alleged any conduct by defendants that would fall outside the scope of prosecutorial immunity.

Next, any request to have the Court dismiss the criminal charges against him is a challenge to his physical confinement. Any claim challenging his physical confinement must be brought as a habeas corpus petition, which first requires exhaustion of available state law remedies. *See Dotson v. Wilkinson*, 329 F.3d 463, 466 (6th Cir. 2003) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 499 n.14, 500 (1973)). In addition, federal courts should not interfere in active state criminal prosecutions, absent extraordinary circumstances. *Devlin v. Kalm*, 594 F.3d 893, 894 (6th Cir. 2010) (citing *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 364 (1989)). Extraordinary circumstances do not exist here, because the issues can

be raised and resolved in state court. Instead, the proper course of action is for the federal court to refrain from entertaining the action.

### III. Conclusion

For the reasons stated above, Plaintiff's allegations fail to state a plausible claim for relief. Accordingly, the Court **DISMISSES** the complaint. Dkt. 1.

**IT IS SO ORDERED**.

Dated: May 21, 2019
s/ Sean F. Cox
Sean F. Cox
U. S. District Judge